**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Douglas DEDEKER, Defendant–
Appellant.**

**No. 91–8042.**

United States Court of Appeals,
Eleventh Circuit.

May 13, 1992.

Rise Weathersby, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellant.

Robert Francis Schroeder, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before KRAVITCH, ANDERSON and BIRCH, Circuit Judges.

BIRCH, Circuit Judge:

Appellant Douglas Dedeker was convicted in 1990 for assisting in the escape of a federal prisoner confined in Colorado. *See* 18 U.S.C. § 752(a) (1988). Following a full admission and negotiated guilty plea, the appellant was interviewed by the probation officer preparing the presentence report ("PSR") for the case. In that meeting, appellant stated he had not been convicted since his release from prison in July 1988. The probation officer later discovered that Dedeker had in fact been recently convicted for a misdemeanor shoplifting offense, and had received a $300 fine and a suspended 30–day sentence. Dedeker had not been represented by counsel at that conviction.

■ At sentencing for the federal offense, the shoplifting conviction was not used directly in the calculation of Dedeker's criminal history category because the shoplifting conviction was both uncounseled and a misdemeanor. *See* PSR ¶ 33; United States Sentencing Guidelines

§ 4A1.2, comment. (n. 6) (1989) ("U.S.S.G." or "Guidelines").[1] However, the sentencing court did, on the recommendation of the probation officer, impose a two-point increase in the appellant's offense level for obstruction of justice based on the appellant's failure to disclose the conviction to the probation officer. Under section 3C1.1 of the Guidelines, a defendant's offense level should be increased by two points when the defendant has willfully attempted to obstruct the investigation or sentencing for his offense. *See* U.S.S.G. § 3C1.1 (1990).[2] Over the timely objections of defense counsel, the court applied the obstruction enhancement and accordingly calculated the sentencing range to be 24–30 months with a criminal history category of IV, and sentenced the appellant to 24 months of incarceration.

## DISCUSSION

■ On appeal, Dedeker contests his sentence by focusing on the materiality requirement for applying the section 3C1.1 enhancement to a given presentence nondisclosure or misrepresentation. *See* U.S.S.G. § 3C1.1, comment. (n. 3(h)) (1990). He contends that the district court improperly applied the obstruction enhancement to a presentence nondisclosure that was, according to the commentary to section 3C1.1, immaterial to the sentencing process.[3]

1. Dedeker was convicted in September 1990 and sentenced on December 17, 1990. Hence, Guideline amendments effective November 1, 1990 may have rendered the shoplifting conviction countable. *Compare* U.S.S.G. § 4A1.2, comment. (n. 6) (1989) ("[I]f to count an uncounseled misdemeanor conviction would result in the imposition of a sentence of imprisonment under circumstances that would violate the United States Constitution, then such conviction shall not be counted....") *with* U.S.S.G. § 4A1.2, background (1990) ("Prior sentences ... are to be counted ... including uncounseled misdemeanor sentences where imprisonment was not imposed."). Regardless, we need not decide whether *ex post facto* considerations bar application of this particular amendment to Dedeker's criminal history computation, as the government concedes that the shoplifting conviction was not to be counted in his case. Gov't

Br. at 5–6. *See generally United States v. Worthy*, 915 F.2d 1514, 1516 n. 7 (11th Cir.1990) (a Guidelines amendment implemented after the offense generally does not apply if the new rule would subject the defendant to an increased sentence). Compare *infra* notes 2 and 4.

2. For purposes of applying U.S.S.G. § 3C1.1, we incorporate amendments effective November 1, 1990. Courts generally should rely on the Guidelines in effect at the time of sentencing, in this case December 17, 1990. *See* 18 U.S.C. § 3553(a)(5) (1988); *United States v. Stinson*, 943 F.2d 1268, 1270 n. 2 (11th Cir.1991). We address further the applicability of the amended guidelines *infra* at note 4.

3. Without the two-point enhancement for obstruction of justice, the applicable range would have been 18–24 months. Although Dedeker's

The appellant specifically contends that his failure to inform the probation officer of his 1988 shoplifting arrest and conviction was not a material misrepresentation within the meaning of the application notes to section 3C1.1 because, in his case, the earlier conviction would not have affected his criminal history category under the Guidelines. *See* U.S.S.G. § 4A1.2 comment. (n. 6) (1989). It is true that the shoplifting conviction would not have been counted in Dedeker's criminal history calculation for purposes of the instant offense because he was not represented by an attorney on that charge. *See* PSR ¶ 33. The 1988 conviction could only operate to influence the sentencing court's choice of sentence within the unaffected guideline range. Therefore, Dedeker claims that his failure to disclose the fact of the conviction to the probation officer does not warrant the sanction of a two-point offense level enhancement. Based on our examination of the Guidelines, we disagree.

The district court's determination that Dedeker failed to disclose his previous shoplifting conviction is a finding of fact that must be affirmed unless clearly erroneous. *See United States v. Burton,* 933 F.2d 916, 917 (11th Cir.1991) (per curiam). Hence, we leave that well-supported determination undisturbed. However, the precise question presented in this appeal involves the legal interpretation of U.S.S.G. § 3C1.1, and is subject to plenary review.

Specifically, we determine in this appeal whether a defendant's failure to disclose a previous conviction that cannot bear on his criminal history calculation amounts to an attempt to obstruct the administration of justice under the Guidelines.

 Our inquiry is informed by the amended commentary to Guidelines section 3C1.1, wherein the Commission acknowledges that "[o]bstructive conduct can vary widely in nature, degree of planning, and seriousness" and that the application of the section's two-point enhancement may be unwarranted for less serious forms of conduct. U.S.S.G. § 3C1.1, comment. (n. 2) (1990).[4] The application notes to section 3C1.1 indicate that an obstruction enhancement applies if a defendant provides "materially false information to a probation officer in respect to a presentence or other investigation for the court." U.S.S.G. § 3C1.1, comment. (n. 3(h)) (1990). However, the enhancement is not warranted for the mere act of "providing incomplete or misleading information, not amounting to a material falsehood, in respect to a presentence investigation." *Id.,* comment. (n. 4(c)).

As is evident from the relevant commentary, the Guidelines contemplate that the sanction of offense level enhancement would be inappropriately severe in cases involving completely immaterial nondisclosures or misrepresentations. Recognizing this, the appellant contends that the district

---

actual sentence of 24 months falls within the 18–24 month range he advocates, he may nonetheless appeal his sentence as an incorrect application of the Guidelines. *United States v. Fuente–Kolbenschlag,* 878 F.2d 1377, 1379 & n. 7 (11th Cir.1989).

**4.** The commentary for section 3C1.1 was supplemented substantially by the Guideline amendments effective November 1, 1990. Although these changes became effective during the interval between Dedeker's conviction and sentence, they may be properly relied upon by the sentencing court in calculating Dedeker's sentence, and we accordingly apply them in reviewing the sentence.

As we held in *United States v. Marin,* 916 F.2d 1536 (11th Cir.1990) (per curiam), the "sentencing court should consider clarifying amendments when interpreting the guidelines, even when sentencing defendants convicted before

the effective date of the amendments." *Id.* at 1538. From an overview of old and new versions of the commentary, it is manifest that the 1990 changes served merely to clarify the scope of section 3C1.1. We note that nothing in the amended commentary either contradicts or substantively alters any relevant preexisting commentary. *Compare* U.S.S.G. § 3C1.1, comment. (n. 3(h)) (1990) ("providing materially false information to a probation officer" provides basis for enhancement) *with* U.S.S.G. § 3C1.1, comment. (n. 1(e)) (1989) ("furnishing material falsehoods to a probation officer" provides basis for enhancement). Instead, the changes merely supplement commentary carried over from the earlier version. Therefore, we treat the November 1990 amendments as a strongly persuasive clarification of how the Sentencing Commission originally envisioned section 3C1.1. *See United States v. Scroggins,* 880 F.2d 1204, 1215 (11th Cir.1989), *cert. denied,* 494 U.S. 1083, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990).

court's application of the obstruction enhancement—which resulted in a heightened sentencing range—imposed a sanction that was disproportionately harsh, given that the undisclosed fact was immaterial to his criminal history category in the first place. Additionally, Dedeker emphasizes that the information was readily available from other sources.

However, the appellant's proposed proportionality requirement mistakes the purpose of the obstruction enhancement. Dedeker's offense level was not increased because he chopped down the cherry tree. Rather, it was because he lied about it. Indeed, the Guidelines commentary directs our attention away from the considerations urged upon us by the appellant. Under the commentary to section 3C1.1, the threshold for materiality is conspicuously low: " 'Material' ... information, as used in this section, means ... information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, comment. (n. 5). The "issue under determination" when the probation officer inquires into past convictions is either what criminal history category shall apply, or, what sentence within the calculated range shall be appropriate. Clearly, Dedeker's shoplifting history was material at least to the latter "issue under determination"— and hence to the sentencing process as a whole.

We detect nothing anomalous about the fact that a defendant's sentencing *range* increases following a misrepresentation about past misconduct, whereas only an increased *sentence* (within an unenhanced range) results from honest disclosure about the same event. This framework reflects a rational policy favoring defendants who are forthcoming during the presentencing in-vestigation process. And the relevant Guidelines commentary provides us with no basis to assume that the Sentencing Commission intended anything other than to impose an independent penalty for dishonesty. That Dedeker's willful nondisclosure proved more costly than his shoplifting conviction alone does not in itself undermine the logic reflected in the Commission's enhancement architecture.

This reasoning comports with the holdings of other circuits that have decided cases closely analogous to the instant case. In *United States v. Baker*, 894 F.2d 1083 (9th Cir.1990), the Ninth Circuit rejected the argument that the defendant's nondisclosure was immaterial inasmuch as the "probation officer could have secured a 'rap sheet' listing [the defendant's] criminal past regardless of [his] representations." *Id.* at 1084. The court held that the possibility of an inaccurately computed sentence as well as the delay caused by the misrepresentation warranted the sanction of section 3C1.1 enhancement. *Id.*

The Fifth Circuit has also implicitly rejected the argument advanced by Dedeker today. The defendant in *United States v. Garcia*, 902 F.2d 324 (5th Cir.1990) failed to mention a dismissed marijuana possession charge during the presentence investigation. *Id.* at 325–26. Although the defendant's criminal history computation could not have been affected by the dismissed drug charge, *see* U.S.S.G. § 4A1.1, the court nonetheless imposed an obstruction enhancement for Garcia's " 'conscious effort ... to misrepresent, or at least hide, a highly relevant instance of prior possible criminal conduct.' " *Garcia*, 902 F.2d at 326 (quoting sentencing court transcript).[5]

We agree that neither the availability of information about a defendant's criminal

---

**5.** We note that the *Baker* and *Garcia* decisions predated the 1990 amendments to the commentary to U.S.S.G. § 3C1.1. Because the rationale of these cases is wholly supported by the 1990 version we apply today, their holdings remain authoritative. *See supra* note 4.

In an effort to invoke a favorable authority from this circuit, the appellant seeks to rely on *United States v. Howard*, 923 F.2d 1500 (11th Cir.1991). In *Howard*, this court was faced with a defendant who received an obstruction enhancement for failing to reveal prior drug trans-actions during his presentence interview. *Id.* at 1504. The defendant had previously told DEA agents about those transactions, however, and we reversed the district court's finding of obstruction because "his failure to repeat this information to the probation officer [did] not amount to a material falsehood...." *Id.* at 1505. The reasoning in *Howard* has no application here because in this case, Dedeker never informed any authority of his earlier conviction.

history on a "rap sheet," nor the coincidence that a given criminal event does not enter directly into the criminal history computation, will excuse a defendant's nondisclosure of information which would nevertheless "tend to influence or affect" his or her sentence. U.S.S.G. § 3C1.1, comment. (n. 5). Two sets of interests are at stake here. On one hand, there is the government's indispensable interest in securing the candor of criminal defendants for purposes of sentence calculation. On the other hand is the interest of an evasive defendant in receiving a sanction that is tied to the significance of the undisclosed information. Recognizing the latter interest, the Commission has carved out an exception for information which would have minimal or no influence on the sentence. Beyond that, it would appear, the Commission has chosen to elevate the government's need for complete and truthful information over a defendant's desire for leniency following a misrepresentation.

On this basis, we conclude that the district court did not err in imposing a two-point offense level enhancement under U.S.S.G. § 3C1.1. Accordingly, we AFFIRM.

This court has also recently held that "a presentence assertion cannot be material to sentencing if the assertion's truth requires the jury's verdict to be in error." *United States v. Gardiner*, 955 F.2d 1492, 1499 (11th Cir.1992). Needless to say, the appellant's position finds no support in that narrow holding.