**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lawrence Olakunle ODEDINA, a/k/a Olajide Oloyede, Defendant–Appellant.**

No. 91–8505.

United States Court of Appeals, Eleventh Circuit.

Jan. 6, 1993.

Office of Jake Arbes, Jake Arbes, Atlanta, Ga. (Court-appointed), for defendant-appellant.

Joe D. Whitley, U.S. Atty., Carolyn J. Adams, Atlanta, Ga., for plaintiff-appellee.

Before KRAVITCH and COX, Circuit Judges, and DYER, Senior Circuit Judge.

PER CURIAM:

Lawrence Olakunle Odedina upon arrest gave a false name to law enforcement officials. During the presentencing investigation, he failed to reveal to the probation officer all the aliases he had used and a prior arrest and conviction under one of his aliases. The Government argued at Odedina's sentencing hearing that each of these deceptions justified an enhancement for obstruction of justice. The sentencing court enhanced Odedina's sentence, basing its ruling only upon what Odedina had failed to tell the probation officer. Because the information that Odedina withheld from the probation officer could have affected the determination of his sentence, we affirm.

I. FACTS

Lawrence Olakunle Odedina first entered the United States from his native Nigeria in 1980 on a visitor's visa. In 1982, he was

deported following an arrest for false claims to U.S. citizenship and resisting arrest. Later that same year, Odedina illegally reentered the United States over the Mexican border. He was again deported on April 3, 1986, after serving a federal prison sentence for credit card fraud.

Odedina entered the United States for the third time on October 4, 1986, under the alias Olajide Oleyede. He was arrested under this fictitious name on December 13, 1990, as a non-immigrant overstay and was released on his own recognizance. On January 15, 1991, the INS received an FBI fingerprint identification sheet and discovered Odedina's true identity and history. He was again arrested on February 5, 1991. Odedina entered a plea of guilty to an indictment charging him as a previously deported alien who reentered the United States without advance permission of the Attorney General in violation of 8 U.S.C. § 1326.

In interviews with the probation officer prior to sentencing, Odedina failed to provide all of the aliases by which he had been known. He also failed to tell the probation officer that in 1987 he had been arrested under the alias Anthony J. Michaels and had pled guilty to a misdemeanor charge of criminal trespass. Odedina had been fined and had received a five-day sentence for this conviction. There is nothing in the record to indicate that the probation officer had any knowledge of Odedina's undisclosed aliases or his undisclosed conviction.

The probation officer recommended a two-level enhancement for obstruction of justice based both on Odedina's failure to give arresting authorities his true name and on his failure to give the probation officer information concerning his aliases and his prior misdemeanor arrest.[1] Odedina objected, claiming that he did not mislead the probation officer and that, in any event, any alleged misrepresentations were not material under Sentencing Guidelines § 3C1.1.

The sentencing court overruled Odedina's objection and expressly based a two-level enhancement only on Odedina's failure to give information to the probation officer. At the sentencing hearing, the Government raised the issue of Odedina's misstatements to arresting officers, but the court declined to base its ruling upon this deception. Instead, the court based its obstruction enhancement on Odedina's failure to give the probation officer all his aliases and his failure to tell the probation officer of his misdemeanor conviction.

## II. ISSUES ON APPEAL

Odedina contends that the sentencing court erred in enhancing his sentence by two levels for obstruction of justice. He argues that his failure to give the probation officer all of his aliases and his failure to tell the probation officer about his prior misdemeanor arrest were not material because they could not have influenced his sentencing under the Guidelines. The Government responds that Odedina's conduct toward the probation officer amounted to providing materially false information and justified an obstruction enhancement. Alternatively, the Government insists, as it did at the sentencing hearing, that Odedi-

1. The Presentence Investigation Report (PSI) states:

The defendant was originally arrested on December 13, 1990, by INS agents under the name of Olajide Oloyede as a non-immigrant overstay. He was processed by INS and released. On January 25, 1991, INS received the defendant's FBI fingerprint identification and determined his true identity and two time deportation history and arrest/conviction history. When interviewed by this writer, the defendant was asked for all names he is known by or has used. He provided only the two names listed on the indictment. He also failed to provide information regarding his October 16, 1987, arrest in Houston, Texas,

under the alias Anthony J. Michaels. Other inconsistent non-material information was provided to the pre-trial officer and this writer regarding the person he shared his house with, financial information, family background and employment. While the non-material information cannot be considered under this provision, it substantiates the deceptive character of the defendant. The defendant's behavior when initially arrested by INS and in omitting aliases and one arrest to this writer is viewed as obstruction of justice. A two level enhancement is recommended under this provision.

(PSI ¶ 16).

na's use of a false name upon arrest serves as an independent basis for the obstruction enhancement. Because we find that omissions in statements by Odedina to the probation officer were a sufficient basis for the obstruction enhancement, we do not reach the issue of Odedina's misstatements to arresting officers.

## III. STANDARD OF REVIEW

We will not disturb the sentencing court's findings of fact unless we find them to be clearly erroneous. *See United States v. Dedeker*, 961 F.2d 164, 166 (11th Cir. 1992). However, we review de novo the court's legal interpretation of the Sentencing Guidelines. *Id.*

## IV. DISCUSSION

■ Sentencing Guidelines § 3C1.1 provides for a two-level enhancement if the defendant willfully obstructs or impedes the investigation, prosecution or sentencing of an offense. United States Sentencing Commission, *Guidelines Manual*, § 3C1.1 (Nov.1990). As an example of such conduct, the application notes to § 3C1.1 list "providing materially false information to a probation officer in respect to a presentence or other investigation for the court." U.S.S.G. § 3C1.1 application note 3(h). Application note 5 to § 3C1.1 defines material information as information that "if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1 application note 5. However, the application notes also limit the conduct that qualifies as obstruction by specifically excluding "providing incomplete or misleading information, not amounting to a material falsehood, in respect to a presentence investigation." *Id.* application note 4(c). Whether failing to provide information to a

probation officer justifies an obstruction enhancement depends, therefore, on whether the information withheld was material.

■ Our court has stated that the threshold for materiality under the commentary to § 3C1.1 is "conspicuously low." *United States v. Dedeker*, 961 F.2d 164 (11th Cir.1992). In *Dedeker*, the defendant failed to reveal an uncounseled misdemeanor shoplifting conviction to the probation officer preparing his presentencing report. Even though the probation officer acknowledged that this uncounseled conviction would not have been counted in Dedeker's criminal history calculation, the court held that this information was material to the determination of Dedeker's sentence within the calculated range. *Id.* at 167. The court reasoned that the failure to reveal a past conviction was material if it would tend to influence either the determination of an appropriate criminal history category or the determination of a sentence within the appropriate guideline range. *Id.*

Like Dedeker's omission, Odedina's omission to his probation officer was material to this latter "issue under determination." Odedina failed to reveal all of his aliases to the probation officer, and he failed to reveal a prior misdemeanor arrest under the alias Anthony J. Michaels. The probation officer acknowledged that this misdemeanor conviction was not countable in Odedina's criminal history calculation. (PSI ¶ 21). However, Odedina's failure to reveal his aliases and a conviction under one such alias was material, because this information, if believed, would tend to influence or affect the determination of Odedina's sentence within the appropriate guideline range.[2]

2. This case differs from prior decisions in which we have held that the failure to reveal information already in the hands of relevant government officials was not material. In *United States v. Howard*, 923 F.2d 1500, 1504–05 (11th Cir.1991), we held that a defendant's failure to repeat to a probation officer information about prior drug transactions that he had already revealed to DEA agents immediately after his arrest did not amount to a material falsehood. Similarly, in *United States v. Gardiner*, 955 F.2d

1492, 1499 (11th Cir.1992), we held that presentence assertions contrary to an earlier jury verdict cannot be material to sentencing, because the probation officer would have to disregard the jury's verdict to believe the defendant. Nothing in this record indicates that the probation officer or the United States Attorney's office had information from any other source regarding Odedina's undisclosed aliases or his undisclosed conviction.

**708**

### V. CONCLUSION

Odedina's omissions to the investigating probation officer were material and justified a two-level enhancement for obstruction of justice. Odedina raises other arguments on appeal; we find that they lack merit and do not warrant discussion.

AFFIRMED.