UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                              No. 01-4826

CIRILO LOPEZ ROMERO,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-00-362)

Submitted: April 29, 2002

Decided: June 6, 2002

Before WILLIAMS and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Neil M. Nameroff, NEIL M. NAMEROFF, P.A., Miami, Florida, for
Appellant. Anna Mills Wagoner, United States Attorney, Sandra J.
Hairston, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Cirilo Lopez Romero pleaded guilty to one count of conspiracy to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999 & Supp. 2001), and one count of conspiracy to commit money laundering, in violation of 18 U.S.C.A. § 1956(a)(1)(A) (West 2000 & Supp. 2001). He appeals his sentence, specifically challenging the enhancement of his offense level under the Sentencing Guidelines* for obstruction of justice and possession of a dangerous weapon. We conclude that the district court correctly applied these enhancements, and we therefore affirm.

Romero first contends the district court erred in finding that he willfully obstructed justice when he failed to disclose a 1980 misdemeanor conviction in the Southern District of Texas for illegal entry. Section 3C1.1 of the Sentencing Guidelines provides for a two level increase in a defendant's offense level "[i]f (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. "[P]roviding materially false information to a probation officer in respect to a presentence or other investigation for the court" is specifically listed as an example of conduct for which the enhancement is appropriate. U.S.S.G. § 3C1.1, comment. (n.4(h)). "Material" information is defined as "information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, comment. (n.6). Whether information is material is a factual matter determined by the district court, and the district court's determination is reviewed by this court under the clearly erroneous standard. *See United States v. Hicks*, 948 F.2d 877, 886 (4th Cir. 1991).

---

*U.S. Sentencing Guidelines Manual (2000).

The district court concluded that Romero's testimony at sentencing that he did not intend to deceive the probation officer when he failed to disclose the prior conviction was not worthy of belief. Evaluation of witness credibility is reserved to the finder of fact and is generally not subject to review by this court. *See United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989). Moreover, the district court's conclusion that Romero's prior conviction was a material fact is not clearly erroneous, as we have held that "[t]he threshold for materiality . . . is 'conspicuously low.'" *United States v. Gormley*, 201 F.3d 290, 294 (4th Cir. 2000) (quoting *United States v. Dedeker*, 961 F.2d 164, 167 (11th Cir. 1992)). Accordingly, the district court acted within its discretion by concluding that Romero willfully provided a materially false answer to the probation officer's question about his prior convictions and correctly applied the § 3C1.1 enhancement.

Romero next contends the district court improperly enhanced his offense level for possession of a firearm in connection with the drug trafficking offense. A two-level increase applies if a dangerous weapon is present during a drug trafficking crime "unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1), comment. (n.3). The district court's determination that a firearm or other weapon was present and justifies the enhancement is a factual question that is reviewed for clear error. *United States v. Apple*, 915 F.2d 899, 914 (4th Cir. 1990).

After Romero's drug distribution organization was discovered, a search of a house used by the organization for storage of drugs in Houston, Texas, resulted in the seizure of ten kilograms of cocaine, $42,300, and a 9mm handgun. A subsequent search of Romero's North Carolina residence yielded a small quantity of marijuana and four firearms. The district court found that Romero falsely testified that the firearms found in his residence were not connected to his drug distribution conspiracy and that he was unaware that co-conspirators in Houston possessed firearms. The district court noted that Romero's organization distributed drugs in North Carolina for several years and involved numerous individuals. Moreover, Romero admitted that drugs transported from Houston arrived at his North Carolina residence before being stored at other houses. This evidence is sufficient to support the district court's findings that the firearms found in Romero's North Carolina residence were possessed for protection of

the drug distribution organization and its profits and that the firearm found in the Houston house was reasonably foreseeable to Romero. *See United States v. Kimberlin*, 18 F.3d 1156, 1159-60 (4th Cir. 1994); *United States v. White*, 875 F.2d 427, 433 (4th Cir. 1989). Accordingly, we conclude that the district court properly applied the § 2D1.1(b)(1) enhancement to Romero's offense level.

We therefore affirm Romero's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court, and argument would not aid the decisional process.

*AFFIRMED*