[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-13612
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-00016-CR-1-DHB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RITA NZERIBE UDOM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(June 8, 2005)

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Rita Nzeribe Udom appeals her conviction and sentence for

unlawfully dispensing controlled substances, in violation of 21 U.S.C. § 841(a)(1).

On appeal, she challenges (1) her two-level enhancement for obstruction of justice and (2) her sentence under the guidelines pursuant to *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

I.

Udom argues that the district court failed to make specific findings to support an obstruction of justice enhancement, which was insufficient for imposition of the enhancement. She asserts that she made specific objections to each allegation of obstruction and requested that the district court make particularized findings, which the district court failed to do.

"This Court reviews the district court's interpretation and application of the sentencing guidelines *de novo*." *United States v. Machado*, 333 F.3d 1225, 1227 (11th Cir. 2003). When reviewing the application of U.S.S.G. § 3C1.1, we have determined

> Where the district court must make a particularized assessment of the credibility or demeanor of the defendant, we accord special deference to the district court's credibility determinations, and we review for clear error. Conversely, where the defendant's credibility or demeanor is not at issue, and the defendant's conduct can be clearly set forth in detailed, non-conclusory findings, we review de novo the district court's application of the enhancement.

*United States v. Amedeo*, 370 F.3d 1305, 1318 (11th Cir. 2004) (citations and quotations omitted). Section 3C1.1 provides that a two-level enhancement may be

applied to the base offense level if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing . . ." U.S.S.G. § 3C1.1. The commentary to § 3C1.1 cites "committing, suborning, or attempting to suborn perjury" and "providing materially false information to a judge or magistrate" as examples of conduct to which the enhancement applies. *See id.*, cmt. n.4(b), (f). "[T]he threshold for materiality under the commentary to § 3C1.1 is 'conspicuously low.'" *United States v. Odedina*, 980 F.2d 705, 707 (11th Cir. 1993) (quoting *United States v. Dedeker*, 961 F.2d 164 (11th Cir. 1992)).

> The Supreme Court has held that
>
> if a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition we have set out. When doing so, it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding. The district court's determination that enhancement is required is sufficient, however, if . . . the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury.

*United States v. Dunnigan*, 507 U.S. 87, 95, 113 S. Ct. 1111, 1117, 122 L. Ed. 2d 445 (1993) (citations omitted). "[C]ourts must not speculate concerning the existence of a fact which would permit a more severe sentence under the

guidelines." *United States v. Cataldo*, 171 F.3d 1316, 1321 (11th Cir. 1999) (quotation omitted).

After reviewing the record, we conclude that the district court did not err by enhancing Udom's sentence for obstruction of justice. While the district court viewed the entirety of Udom's conduct as warranting the enhancement, it specifically pointed to her encouraging her assistant to lie to the grand jury as sufficient conduct for the enhancement. The district court did not have to speculate regarding Udom's suborning or attempt to suborn the perjury, as the government produced a tape of the relevant conversation at trial. Because the conduct did not result from her trial testimony, it was not necessary for the district court to make specific factual findings. Additionally, Udom's untruthful statements to the magistrate judge regarding her children and the conditions of her bond were cited as the factual basis for the enhancement. The record supports the conclusion that Udom lied to the magistrate judge. This conduct was sufficient to impose an obstruction of justice enhancement. Therefore, the district court did not err by enhancing Udom's sentence for obstruction of justice.

II.

Udom argues that the district court plainly erred under *Booker* by "calculating her sentence pursuant to the Federal Sentencing Guidelines in violation of the Sixth Amendment."

A timely constitutional objection, such as one referring to the Sixth Amendment, *Apprendi* or other related cases, or the right to have the jury decide the disputed fact, or raise a challenge to the role of the judge as factfinder with regard to sentencing, is necessary to preserve *Booker* error. *See United States v. Dowling*, 403 F.3d 1242, 1246-47 (2005). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1247 (citations and quotations omitted).

Under *Booker*, the first two prongs are satisfied where "*under a mandatory guidelines system*, [a defendant's] sentence was enhanced as a result of findings made by the judge that went beyond the facts admitted by the defendant or found by the jury" and the error is plain at the time of appeal. *United States v. Rodriguez*, 398 F.3d 1291, 1298-99 (11th Cir.), *petition for cert. filed*, No. 04-1148 (U.S. Feb. 23, 2005) (emphasis in original). As to the third prong, "the

5

defendant bears the burden of persuasion with respect to prejudice, and that he cannot survive plain error analysis unless he can show there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." *Dowling*, 403 F.3d at 1247 (quotation omitted). We have generally held that absent evidence in the record that the district court might have imposed a different sentence under the new advisory guidelines regime, the defendant cannot satisfy the third prong. *See, e.g.*, *id.*; *United States v. Curtis*, 400 F.3d 1334, 1336 (11th Cir. 2005); *United States v. Duncan*, 400 F.3d 1297, 1302-04 (11th Cir. 2005).

We conclude from the record that the district court did not violate *Booker* by sentencing Udom under the guidelines. Udom did not object on constitutional grounds at sentencing, but on the factual basis, making plain error the standard of review. Under *Booker*, the first two prongs of plain error are satisfied. However, Udom failed to establish the third prong. She did not point to any evidence in the record demonstrating "a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." *Dowling*, 403 F.3d at 1247. A review of the sentencing transcript does not reveal any indication that the district court would

6

have imposed a lower sentence had the guidelines been advisory.  Therefore, the district court did not plainly err by sentencing Udom under the guidelines.

For the foregoing reasons, we affirm Udom's sentence.

**AFFIRMED.**