[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 22, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16314
Non-Argument Calendar

_____

D. C. Docket No. 02-00136-CR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIT THOMAS BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(September 22, 2005)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Kit Thomas Brown appeals his 360-month sentence for

conspiracy to possess and distribute crack cocaine, in violation of 21 U.S.C. § 846, and possession and distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). On appeal, Brown challenges his enhancement for obstruction of justice.[1] He argues that the portions of his testimony referenced by the district court in support of the enhancement were discrepancies in the testimony of various government "snitches," and there was no evidence that he intentionally misled the district court or the jury. He contends the district court gave no explanation of how his testimony obstructed or impeded the investigation or prosecution of the offense.

After *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), we "continue to review the district court's application of the Guidelines just as we did pre-*Booker*." *United States v. Ellis*, __ F.3d __, 2005, No. 05-10150, 2005 WL 18454 at *3 (11th Cir. Aug. 5, 2005). "This Court reviews the district court's interpretation and application of the sentencing guidelines *de novo*." *United States v. Machado*, 333 F.3d 1225, 1227 (11th Cir. 2003). When reviewing the application of U.S.S.G. § 3C1.1, we have determined

_____

[1]This is the second time we have considered this case. In *Brown I*, we affirmed Brown's conviction but vacated his sentence and remanded the case on the obstruction of justice enhancement. *See United States v. Brown*, No. 03-11220, manuscript op. at 13, 16 (11th Cir. Feb. 9, 2004) (unpublished). We instructed the district court on remand to make specific perjury findings at resentencing. *Id.* at 16. The district court complied with our mandate.

> Where the district court must make a particularized assessment of the credibility or demeanor of the defendant, we accord special deference to the district court's credibility determinations, and we review for clear error . . . . Conversely, where the defendant's credibility or demeanor is not at issue, and the defendant's conduct can be clearly set forth in detailed, non-conclusory findings, we review de novo the district court's application of the enhancement.

*United States v. Amedeo*, 370 F.3d 1305, 1318 (11th Cir. 2004) (quotations and citations omitted).

Section 3C1.1 provides that a two-level enhancement may be applied to the base offense level if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing." U.S.S.G. § 3C1.1. The commentary to § 3C1.1 cites "committing, suborning, or attempting to suborn perjury" and "providing materially false information to a judge or magistrate" as examples of conduct to which the enhancement applies. *Id.*, cmt. n.4(b), (f). Perjury is giving "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94, 113 S. Ct. 1111, 1116, 122 L. Ed. 2d 445 (1993). "Material" means "evidence, fact, statement, or information . . . that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, cmt. n.6. "[T]he threshold for materiality under the commentary

3

to § 3C1.1 is 'conspicuously low.'" *United States v. Odedina*, 980 F.2d 705, 707 (11th Cir. 1993). (quoting *United States v. Dedeker*, 961 F.2d 164, 167 (11th Cir. 1992)).

> The Supreme Court has held that

> if a defendant objects to a sentence enhancement resulting from h[is] trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition we have set out. When doing so, it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding. The district court's determination that enhancement is required is sufficient, however, if . . . the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury.

*Dunnigan*, 507 U.S. at 95, 113 S. Ct. at 1117 (citations omitted).

In the instant case, the district court did not err by enhancing Brown's sentence for obstruction of justice. At resentencing, the district court properly explained the factual basis for its finding that Brown obstructed justice by offering perjured testimony and identified numerous specific examples of testimony which it determined to be knowingly false. The district court's findings are supported by the record, are sufficiently detailed, and clearly reflect the basis for the obstruction of justice enhancement. *See id.* Therefore, we conclude that the district court did not err by applying the enhancement.

**AFFIRMED.**[2]

---

[2]We DENY Brown's motion to discharge counsel and file a supplemental brief.