[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12889
Non-Argument Calendar

_____

D. C. Docket No. 02-00344-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES J. KUCERA, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 14, 2006)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

James Kucera appeals his sentence imposed after remand for kidnaping, in

violation of 18 U.S.C. §§ 1201(a)(1), (2).  He raises two arguments on appeal: (1) that he was sentenced in violation of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); and (2) that the district court erred in applying an enhancement for obstruction of justice.

I

Kucera argues that the district court committed statutory and constitutional Booker error in enhancing his sentence based upon facts that were neither found by the jury nor admitted by him, and because it was bound by a mandatory guidelines system.  He argues that the district court should have reconsidered whether the enhancements it applied during his previous sentencing hearing would still apply under an advisory guidelines system.  He argues that the error was not harmless because although the court declined to address whether the application of certain guidelines sections would violate Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), due the limited scope of the remand, it did express concern over the implications of Apprendi as it related to the enhancements.   He contends that the court made statements indicating that the facts were generally inconsistent with the crime defined by the enhancements, and this indicates that Kucera might have been given a lighter sentence had the judge been able to consider other factors specific to his case under an advisory system. In the

alternative, he argues that plain error occurred because he would have received a lesser sentence under an advisory system.

In Booker, the United States Supreme Court held that the Federal Sentencing Guidelines violate the Sixth Amendment right to a trial by jury, to the extent they permit a judge in a mandatory guideline system to increase a defendant's sentence based on facts that are neither found by a jury nor admitted by the defendant. Booker, 543 U.S. at ___, 125 S.Ct. at 756. As a remedy, the Court rendered the Guidelines "effectively advisory" by excising 18 U.S.C. § 3553(b)(1) (requiring a sentence within the guideline range, absent a departure) and 18 U.S.C. § 3742(e) (establishing standards of review on appeal, including de novo review of departures from the applicable guideline range). Id. at ___, 125 S.Ct. at 756-57. The Court explained that, "[w]ithout the 'mandatory' provision, the [Sentencing Reform] Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals." Id. at 764. Post-Booker, sentences are still reviewed for reasonableness. Booker, 543 U.S. at ___, 125 S.Ct. at 765-66; see also United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (noting that "Booker established a 'reasonableness' standard for the sentence finally imposed on a defendant").

Based on Booker's holding, we have recognized that the district courts could

3

have made both a constitutional and a statutory error in sentencing defendants pre-Booker. United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005). The constitutional error is the use of extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge. Id. The statutory error occurs when the district court sentences a defendant under a mandatory guidelines scheme, even in the absence of a Sixth Amendment enhancement violation. Id.

We have stated that "both majority opinions in Booker make clear that the decisive factor that makes pre-Booker sentencing problematic is not extra-verdict enhancements but their use in a mandatory guidelines system." United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005); see United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005) (holding that if a district court applies the Guidelines as advisory, nothing in Booker prohibits the district court from making, under a preponderance-of-the-evidence standard, additional factual findings that go beyond a defendant's admission).

Because Kucera was re-sentenced after Booker was decided and under an advisory guidelines scheme, the district court did not commit statutory Booker error in applying the guidelines, or constitutional Booker error in relying on factual findings made by a preponderance of the evidence.

II

4

Kucera argues that the district court's "findings" during re-sentencing show that he did not commit obstruction of justice, and although he did not raise this issue during his first appeal, the court's comments at re-sentencing require remand for resentencing. He also argues that the district court's original findings did not support the obstruction of justice enhancement because the court did not find that he hindered the investigation or prosecution of his offense, and because he only denied his guilt, and did not concoct a false story.

We generally deem issues available but not raised in a defendant's first appeal abandoned and will not consider them in a subsequent appeal. See United States v. Fiallo-Jacome, 874 F.2d 1479, 1480-83 (11th Cir.1989) (refusing to consider an issue not raised by a criminal defendant on direct appeal because a defendant should not be given "two bites at the appellate apple."). When a defendant does not object during sentencing to the application of an enhancement, it is reviewed for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). To prevail under this standard, a defendant must show "(1) error, (2) that is plain, and (3) that affects substantial rights." Id. (internal quotations and citations omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation

of judicial proceedings." Id. (quotation and citation omitted). The burden is on the defendant to show a reasonable probability of a different result. Id. at 1299-1300.

Pursuant to U.S.S.G. § 3C1.1, a defendant's offense level is increased by two points if "(A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct[.]" The commentary to § 3C1.1 cites "committing, suborning, or attempting to suborn perjury" and "providing materially false information to a judge or magistrate" as examples of conduct to which the enhancement applies. Id., cmt. n. 4(b), (f). Perjury is giving "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94, 113 S.Ct. 1111, 1116, 122 L.Ed.2d 445 (1993). "Material" means "evidence, fact, statement, or information . . . that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, cmt. n.6. "[T]he threshold for materiality under the commentary to § 3C1.1 is 'conspicuously low.'" United States v. Odedina, 980 F.2d 705, 707 (11th Cir. 1993).

6

The Supreme Court has held that if a defendant objects to a sentence enhancement that was based on his trial testimony, "a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition we have set out." Dunnigan, 507 U.S. at 95, 113 S.Ct. at 1117 (citations omitted).

Although Kucera did not raise this issue on his first appeal, the government does not claim that this issue is abandoned and, thus, we will review it. Because the district court made specific findings that Kucera committed perjury when he testified that the victim voluntarily participated in the events of the night in question, and these findings were supported by the record, the court did not plainly err in applying the obstruction of justice enhancement.

**AFFIRMED**[1]

---

[1] Appellant's request for oral argument is denied.