[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15 2007
THOMAS K. KAHN
CLERK

No. 06-13859
Non-Argument Calendar

_____

D. C. Docket No. 05-00333-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY REESE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(June 15, 2007)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Gregory Reese appeals his sentence of imprisonment for 36 months for

convictions of engaging in a conspiracy to make false statements regarding the purchase of a gun and possession of a gun by a felon. 18 U.S.C. §§ 371, 922(g)(1). Reese argues that the district court erroneously applied an obstruction-of-justice enhancement, U.S.S.G. § 3C1.1, erroneously refused to apply an acceptance-of-responsibility reduction, id. § 3E1.1, and imposed an unreasonable sentence. We affirm.

At Reese's change-of-plea hearing, Reese described to the district court the nature of his prior felony conviction. Reese explained that he pleaded guilty to aggravated assault after he defended himself from a football player who picked a fight with him in highschool. Reese testified that, during the fight, Reese's nose was bloodied and the football player's eye was injured.

In preparing Reese's presentence investigation report, a probation officer learned that Reese's prior conviction involved a plea of guilt to aggravated assault. The investigation by the probation officer revealed that Reese and other members of the "Southside Posse" attacked a student after school and repeatedly kicked and struck the student, who suffered serious facial injuries, including a fractured occipital bone. At the sentencing hearing, the victim of the earlier fight and a witness to the fight reiterated the account of the fight contained in the presentence investigation report.

The district court determined that Reese had "egregiously" misled it during the change-of-plea hearing. At sentencing, the district court applied a two-level enhancement for obstruction of justice, U.S.S.G. § 3C1.1, refused to apply a two-level reduction for acceptance of responsibility, id. § 3E1.1(a), and imposed a sentence of 36 months. That sentence was above the Guidelines range of 21 to 27 months, but below the statutory maximum for each offense.

Two standards of review govern this appeal. We review the factual findings of the district court for clear error and review de novo the application of the Guidelines to those facts. United States v. Audain, 254 F.3d 1286, 1289 (11th Cir. 2001). Where the district court has made a "particularized assessment of the credibility or demeanor of the defendant, we accord special deference to the district court's credibility determinations, and we review for clear error." United States v. Amedeo, 370 F.3d 1305, 1318 (11th Cir. 2004).

Reese presents three arguments on appeal. Each fails. We address each argument separately.

Reese first argues that the district court erred when it applied an obstruction-of-justice enhancement to his sentence. A district court may apply a two-level obstruction-of-justice enhancement to the base offense level if a defendant willfully obstructs the investigation, prosecution, or sentencing of his offense of

3

conviction and the obstructive conduct relates to the defendant's offense of conviction or a closely-related offense. U.S.S.G. § 3C1.1. The application notes to section 3C1.1 provide a non-exhaustive list of examples of obstructive conduct for which the enhancement would be appropriate. Application note 4(f) lists the act of "providing materially false information to a judge or magistrate." The commentary also provides examples of conduct ordinarily not covered by the enhancement including "providing incomplete or misleading information, not amounting to a material falsehood, in respect to a presentence investigation." Id. cmt. 5(c).

Whether the enhancement applies depends on whether the information withheld or provided was material. United States v. Odedina, 980 F.2d 705, 707 (11th Cir. 1993). "Material" information means "information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1 cmt. 6. We have held that the threshold for materiality under the commentary to section 3C1.1 is "conspicuously low." United States v. Dedeker, 961 F.2d 164, 167 (11th Cir. 2004).

The district court did not clearly err when it found that Reese materially misled the court at the change-of-plea hearing. In his description of his prior conviction, Reese misrepresented that he had defended himself from a high school student who had picked a fight with Reese. The truth was that Reese and fellow

4

gang members attacked this student. Reese's misrepresentation was material to his sentence because the information withheld by Reese was relevant to his history and characteristics, which would influence the choice of sentence within the guideline range. See 18 U.S.C. § 3553(a).

Reese next argues that the district court erred when it refused to apply an acceptance-of-responsibility reduction to his sentence. A district court can reduce the base offense level by two levels if the defendant accepts responsibility for his offense. U.S.S.G. § 3E1.1(a). The commentary for section 3E1.1(a) provides that a defendant who receives an obstruction-of-justice enhancement ordinarily has not accepted responsibility for his conduct, although there may be "extraordinary cases" in which both adjustments will apply. Id. cmt. 4. The decision not to apply this reduction "is entitled to great deference on review," because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." United States v. Moriarity, 429 F.3d 1012, 1022–23 (11th Cir. 2005) (quoting U.S.S.G. § 3E1.1 cmt. 5). We will not set aside that decision "unless the facts in the record clearly establish that the defendant has accepted responsibility." Id.

The district court did not clearly err when it found that Reese had not accepted responsibility. Although he admitted that he was wrong in purchasing a

gun as a convicted felon, Reese also attempted to present himself in a better than truthful light. We affirm the decision of the district court not to apply the acceptance-of-responsibility reduction.

Finally, Reese argues that his sentence is unreasonable. Reese contends that the district court erroneously applied an upward departure, but the record supports the assertion of the government that the district court varied from the advisory guideline range. Reese responds that his increased sentence, however denominated, was unreasonable. We disagree.

"Review for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id. "When we review a sentence for reasonableness, we do not, as the district court did, determine the exact sentence to be imposed." Id. "We must evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Id.

Reese's sentence of 36 months of imprisonment was reasonable. The sentence was below the statutory maximum sentence. The transcript of the sentencing hearing establishes that the district court sentenced Reese after careful consideration of the testimony and arguments of the parties, the Guidelines, and the

6

sentencing factors of section 3553(a).

Reese's sentence is

**AFFIRMED.**