[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16945
Non-Argument Calendar

_____

D.C. Docket No. 3:16-cr-00034-MCR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANDRE M. STRAUGHN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 27, 2017)

Before JORDAN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Andre Martez Straughn appeals his total 188-month sentence, imposed within the guideline range, after pleading guilty to one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), (b)(2), one count of transportation of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), (b)(1), and one count of making a false statement, in violation of 18 U.S.C § 1001(a)(2).  Straughn argues that the district court erred by applying a two-level increase to his base offense level for obstruction of justice pursuant to § 3C1.1 because his statements were not materially false and did not obstruct the investigation into his crimes.

## I.

We review a district court's factual findings regarding the imposition of an enhancement for obstruction of justice for clear error and the district court's application of the factual findings to the Guidelines *de novo*.  *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006).  We will not disturb a district court's factual findings under the clearly erroneous standard unless we are left with a "definite and firm conviction that a mistake has been committed."  *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012).

The Guidelines provide that the district court is authorized to assess a two-level enhancement if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the

investigation, prosecution, or sentencing of the instant offense of conviction. . . ." U.S.S.G. § 3C1.1.  The commentary to § 3C1.1 provides a non-exhaustive list of examples of the types of conduct to which the enhancement applies.  *Id.*  As relevant here, application note 4(G) lists as an example of conduct falling under the enhancement "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instance offense.  *Id.* § 3C1.1, comment. (n.4(G)).  The term "material" is defined in the commentary as "evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination."  *Id.*, comment. (n.6).  We have held that the threshold for materiality under § 3C1.1 is "conspicuously low."  *United States v. Dedeker*, 961 F.2d 164, 167 (11th Cir. 1992).

Application Note 5, which lists examples of conduct not ordinarily covered by the obstruction enhancement, states that "making false statements, not under oath, to law enforcement officers " would not ordinarily be covered conduct, "unless Application Note 4(G) above applies."  *Id.*, comment. (n.5(B)).

The district court did not clearly err in finding that Straughn provided materially false information by giving investigators false passwords when they were attempting to review the contents of his cell phone.  Straughn's phone was identified by investigators as being material to the particular type of investigation

3

that was conducted in this case.  After hearing testimony, the district court found that Straughn's statements were materially false.  That finding by the court was not clear error because it satisfied the "conspicuously low" threshold for materiality that this Court has identified in this particular context.  *Dedeker*, 961 F.2d at 167.

The record supports the district court's conclusion that the false passwords provided by Straughn obstructed the government's investigation into Straughn's child pornography crimes.  Because Straughn's statements prevented investigators from being able to access the contents of a device that Straughn was known to have previously used to access child pornography, Straughn obstructed the investigation into his crimes.  The district court did not clearly err in so finding.

In conclusion, the record supports the district court's finding that Straughn's conduct obstructed the investigation into his crimes.  Therefore, the court properly found that the § 3C1.1 enhancement for obstruction of justice was applicable, and it did not err.  Thus, we affirm the district court's application of the Guidelines.

**AFFIRMED**.