[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11501

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

APRIL THOMPSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cr-00378-ELR-CMS-1

_____

Before WILLIAM PRYOR, Chief Judge, and BRANCH and ANDERSON, Circuit Judges.

PER CURIAM:

April Thompson appeals her sentence of 80 months of imprisonment imposed after she pleaded guilty to ten counts of mail fraud, 18 U.S.C. §§ 1341, 2. Thompson challenges the enhancement of her sentence by two levels for obstructing justice, United States Sentencing Guidelines Manual § 3C1.1, and the denial of a reduction for accepting responsibility, *id.* § 3E1.1. We affirm Thompson's sentence, but because the district court made a clerical error in imposing a special assessment of $1,100, instead of $1,000 based on her ten counts of conviction, *see* 18 U.S.C. § 3013(a)(2)(A), we vacate and remand for the district court to correct the judgment.

We review factual findings by a district court for clear error and its application of the Sentencing Guidelines *de novo*. *United States v. Matthews*, 3 F.4th 1286, 1289 (11th Cir. 2021). To be clearly erroneous, the finding of the district court must leave us with a "definite and firm conviction that the court made a mistake." *Id.*

The district court did not clearly err by applying the obstruction of justice enhancement, § 3C1.1, because Thompson concealed relevant financial information from the probation officer. Thompson told the probation officer that, aside from her non-liquid assets, she had only $80 in a personal checking account. A senior financial investigator with the U.S. Attorney's Office later discovered an undisclosed reloadable MetaBank account that was

registered in Thompson's husband's name. The bank statements revealed that, during a six-month period, both Thompson and her husband used debit cards linked to the account to make almost $40,000 in post-indictment purchases, including $24,000 in cash withdrawals. The government also discovered that, in November 2021, about three weeks before Thompson pleaded guilty, she began diverting her income from a receiver-controlled bank account into the undisclosed MetaBank account. She later acknowledged that undisclosed bank account belonged to her and insisted that her failure to disclose the account was an immaterial oversight.

Sufficient evidence supports the finding that Thompson willfully concealed the existence of the bank account. *See United States v. Massey*, 443 F.3d 814, 818–19 (11th Cir. 2004). Both Thompson and her husband, a codefendant, omitted the account from their disclosures to the probation officer and the government. At sentencing, the receiver in the civil action testified that, when he asked Thompson why her income was no longer being deposited into her usual bank account, she said that her income had been put "on pause," and she failed to inform him about the MetaBank account. After diverting her income into the MetaBank account, Thompson withdrew large sums of cash and made almost daily purchases from the account during a six-month period that ended the month before her sentencing. The district court did not clearly err in finding that Thompson's explanation was implausible and that, regardless of her "shameful" conduct in the civil lawsuit, she had deliberately misled the probation officer to ensure that the

district court, government, and victim of her multi-million-dollar invoicing scheme would not know the true extent of her assets.

Thompson's willful omission met the "conspicuously low" bar for materiality too. *See United States v. Odedina*, 980 F.2d 705, 707 (11th Cir. 1993). Revealing the account and the significant transactions that depleted the account balance during the criminal proceedings could have reasonably led the district court to disbelieve that Thompson was remorseful for her offense conduct. Thompson makes much of the fact that the MetaBank account balance was only $105.13 when she submitted her financial report to the probation officer and argues that this amount was not enough to be "material." But her argument ignores the fact that, in the month before and after the disclosure, the couple spent and withdrew over $4,500 from the account and deposited over $8,250. The existence of the account and the significant funds deposited and withdrawn from it were not immaterial to the ability of the district court to fashion an appropriate sentence, especially when considering her offense conduct of executing a large-scale invoicing scheme.

Thompson argues that the district court erred by denying a reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, because she pleaded guilty and accepted responsibility for her crimes. She argues that, in the light of *Kisor v. Wilkie*, the plain text of section 3E1.1 is unambiguous, so the commentary impermissibly expands the conduct that can result in a denial of the reduction. 139 S. Ct. 2400, 2415 (2019).

In *Stinson*, the Supreme Court ruled that the commentary to the Sentencing Guidelines should receive the same deference that an administrative agency's interpretation of its own rules receives. *Stinson v. United States*, 508 U.S. 36, 45 (1993). This deference was first described in *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945), and affirmed in *Auer v. Robbins*, 519 U.S. 452, 461 (1997). In *Kisor*, the Supreme Court clarified that *Auer* deference should be applied only if an administrative regulation is "genuinely ambiguous" and that, "[i]f uncertainty does not exist, there is no plausible reason for deference" and "[t]he regulation then just means what it means . . . ." 139 S. Ct. at 2414–15. We recently explained that *Kisor*'s clarification of *Auer* and *Seminole Rock* applies to the Sentencing Guidelines and that the commentary cannot deviate from an unambiguous guideline. *See United States v. Dupree*, 57 F.4th 1269, 1275, 1277 (11th Cir. 2023) (en banc) (holding that the defendant's conviction for *conspiring* to possess with intent to distribute controlled substances was not a "controlled substance offense" because the plain text of the guideline unambiguously excluded inchoate crimes).

Section 3E1.1(a) instructs the district court to reduce the offense level by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for [her] offense." U.S.S.G. § 3E1.1(a). The guideline does not define what constitutes "acceptance of responsibility," much less state that pleading guilty is sufficient to receive the reduction. The district court did not err by denying the reduction because Thompson failed to meet her burden of proving that she had *actually* accepted personal responsibility where she

made incomplete financial disclosures and engaged in a hidden pattern of spending and cash withdrawals that would prevent the victim from obtaining restitution. *See United States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999).

We **AFFIRM** in part Thompson's sentence and **VACATE AND REMAND** in part for the limited purpose of correcting a clerical error in the judgment.