UNITED STATES of America,
Plaintiff–Appellee,

v.

Aristobulo MARIN,
Defendant–Appellant.

No. 89–6257.

United States Court of Appeals,
Eleventh Circuit.

Nov. 9, 1990.

Faith Mesnekoff, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Peter Prieto, Linda Collins–Hertz, Anne M. Hayes, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before JOHNSON and HATCHETT, Circuit Judges, and SMITH *, Senior Circuit Judge.

PER CURIAM:

Defendant Aristobulo Marin ("Marin") appeals his sentence for the conviction of importing cocaine into the United States in violation of 21 U.S.C.A. § 952(a) (West 1981).

---

* Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

## I. STATEMENT OF THE CASE

### A. *Background Facts*

On July 9, 1989, Marin arrived at Miami International Airport from Bogota, Colombia. An inspector from the United States Custom Service stopped Marin and questioned him. Marin told the inspector that he had come to the United States to buy automobile parts. After Marin appeared nervous and demonstrated limited knowledge of automobiles, the Customs Service detained him for a secondary examination. The Customs Service then transported Marin to the Jackson County Hospital for an x-ray exam.

Before being x-rayed, Marin offered to pay Inspector Marcos $1,500 to release him from custody. Inspector Marcos subsequently returned with Special Agent Flynn, and Marin repeated his offer to pay $1,500 for his release. During the course of the medical exam that followed, x-rays indicated the presence of pellets in Marin's intestinal tract. Marin eventually expelled 115 pellets containing approximately 1,100 grams of cocaine that was 79% pure.

### B. *Procedural History*

On July 21, 1989, a grand jury returned a three-count indictment against Marin. Count One charged importation of at least 500 grams of cocaine into the United States in violation of 21 U.S.C.A. §§ 952(a), 960(a)(1), and 960(b) (West Supp.1990). Count Two charged possession with intent to distribute at least 500 grams of cocaine in violation of 21 U.S.C.A. § 841(a)(1) (West 1981). Count Three charged bribery in violation of 18 U.S.C.A. § 201(b), (c) (West Supp.1990). Marin has been in continuous custody since the date of his arrest.

Marin pleaded guilty to Count One on September 21, 1989, pursuant to a written plea agreement. In return for Marin's guilty plea and his full cooperation with the Probation Department, the United States agreed to the following: (1) it would dismiss Counts Two and Three after sentenc-ing; (2) it would recommend that Marin's offense level be reduced two levels for his acceptance of responsibility; and, (3) it would not oppose Marin's request that the district court sentence him at the lower end of the guideline range.

Before sentencing, Marin cooperated with the United States Probation Office in the preparation of the Presentence Investigation Report ("PSI"). Applying the principles of the *Guidelines Manual* ("the guidelines") of the United States Sentencing Commission, the PSI assigned Marin a base offense level of twenty-six. It increased this base level by two to twenty-eight on the grounds that Marin had obstructed justice by offering a bribe. *See* U.S.S.G. § 3C1.1. The PSI also stated that, according to the guidelines in effect at the time Marin committed his offense ("the superseded guidelines"), Marin could not receive a two-level reduction of his base offense level for acceptance of responsibility because he had obstructed justice.

At his sentencing hearing, on November 17, 1989, Marin put forth the following objections to the PSI: (1) there was insufficient evidence for the PSI to recommend an upward adjustment for obstruction of justice; and, (2) the PSI erroneously found that Marin could not receive a downward adjustment for acceptance of responsibility because of the upward adjustment for obstruction of justice. Marin argued that under an amendment to Application Note Four to § 3E1.1, which had become effective on November 1, 1989 ("the amended guidelines"), the district court could find both acceptance of responsibility and obstruction of justice if the case was extraordinary. *See* U.S.S.G. § 3E1.1, Application Note 4 (Nov. 1989). The district court accepted the PSI's finding that there should be no downward adjustment for acceptance of responsibility when there has been an upward adjustment for obstruction of justice.[1] It sentenced Marin to a 78–month term of imprisonment, the lowest term within the applicable guideline range, followed by a four-year term of supervised release. Marin filed a motion for reconsid-

---

1. The district court chose to rule on Marin's objections to the PSI notwithstanding its finding that the objections were not timely.

eration of the sentence. The district court denied the motion. In this appeal, we address the issue of whether the district court erred when it applied the superseded guidelines rather than the amended guidelines when sentencing the defendant.

## II. ANALYSIS

▮ When reviewing a sentence for which a sentencing guideline has been issued by the United States Sentencing Commission, this Court accepts the district court's findings of facts unless they are clearly erroneous and gives due deference to a district court's application of the sentencing guidelines to those facts. 18 U.S.C.A. § 3742(e) (West Supp.1990). A sentencing court's determination regarding a defendant's acceptance of responsibility is likewise entitled to substantial deference on review and will not be altered unless it is without foundation. *United States v. Davis,* 878 F.2d 1299, 1301 (11th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 341, 107 L.Ed.2d 330 (1989).

▮ When determining the proper sentence, a district court must refer to the guidelines in effect at the time the sentencing hearing is held. Federal law states that when calculating a sentence the court "shall consider the kinds of sentence and the sentencing range established for the ... offense committed ... that are in effect on the date the defendant is sentenced." 18 U.S.C.A. § 3553(a)(4) (West 1985).[2] This Court has previously held that a sentencing court should consider clarifying amendments when interpreting the guidelines, even when sentencing defendants convicted before the effective date of the amendments. *United States v. Scroggins,* 880 F.2d 1204, 1215 (11th Cir.1989),

*cert. denied,* — U.S. —, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990).

The guidelines in effect during Marin's sentencing hearing had recently been amended. Application Note Four to § 3E1.1 was amended to state that "[c]onduct resulting in an enhancement under § 3C1.1 (Willfully Obstructing or Impeding Proceedings) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1. Application Note 4 (Nov. 1989).[3] The Application comment does not define the term "extraordinary."

Marin argues that the district court erred when it sentenced him under the superseded guidelines rather than the amended guidelines. He claims that this error prevented the district court from awarding him a two-level downward adjustment for acceptance of responsibility.

▮ The district court should have employed the guidelines in effect at the time he was sentenced and not those in effect at the time he committed the offense. *See* 18 U.S.C.A. § 3553(a)(4) (West 1985); *Scroggins,* 880 F.2d at 1204. The amended guidelines in effect during Marin's sentencing hearing permit a sentencing court to award both a downward adjustment for acceptance of responsibility and an upward adjustment for obstruction of justice in extraordinary cases. *See* U.S.S.G. § 3E1.1 Application Note 4.[4]

The government's reliance on *United States v. Avila,* 905 F.2d 295 (9th Cir.1990), is misplaced. In *Avila,* the sentencing hearing at issue occurred on August 2, 1989, nearly two months *before* the amend-

---

**2.** In a memorandum to Federal Public Defenders announcing the amended guidelines, the Sentencing Commission cited Section 3553(a) and expressed its belief that, subject to the *ex post facto* issues raised in *Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1986), courts should apply the new amendments to all sentencings that occur on or after November 1, 1989.

**3.** At the time Marin committed his offense, the guidelines stated that a defendant who obstructed justice could not receive a downward adjust-

ment for acceptance of responsibility regardless of other factors.

**4.** The government's concern that application of the amended guidelines to Marin's sentencing may violate the *ex post facto* clause of the Constitution is unfounded. In *Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (O'Connor), the Supreme Court stated the familiar rule that the *ex post facto* clause is violated only if the statute being applied retroactively operates to defendant's detriment. This circumstance is not present in the instant case for the

ed guidelines became effective. *Id.* The *Avila* court merely refused to apply the amended guidelines before their effective date. In the instant case, the sentencing hearing occurred *after* the effective date of the amendment.

Because the district court applied the wrong guidelines, it did not reach the issue of whether Marin's case qualified as extraordinary under the amended guidelines, thereby entitling him to a two-level reduction for acceptance of responsibility despite a finding of obstruction of justice. We therefore remand this issue to the district court for that determination. *See Sheley v. Dugger*, 833 F.2d 1420, 1429–30 (11th Cir. 1987). Our remand of this case should not be interpreted as a suggestion that Marin's case qualifies or fails to qualify as extraordinary under the amended guidelines. That decision is to be made by the district court.

### III. CONCLUSION

For the reasons set forth above, We VACATE Marin's sentence and REMAND the case to the district court for reconsideration of Marin's sentence under the amended guidelines.

application of the amended guidelines would operate only to Marin's benefit.