**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ed HOWARD, Defendant–Appellant.**

No. 90–8123.

United States Court of Appeals,
Eleventh Circuit.

Feb. 19, 1991.

Michael J. Trost, Atlanta, Ga., for defendant-appellant.

Robert L. Barr, Jr., U.S. Atty., Craig A. Gillen, David Wright, Asst. U.S. Attys., Wilmer Parker, III, U.S. Atty's Office, S.E. Drug Task Force, Atlanta, Ga., for plaintiff-appellee.

Before FAY and EDMONDSON, Circuit Judges and TUTTLE, Senior Circuit Judge.

FAY, Circuit Judge:

This case presents three questions concerning application of the United States Sentencing Guidelines. Defendant-appellant Ed Howard pled guilty to a one-count indictment charging him with conspiracy to possess cocaine with the intent to distribute. Following Howard's initial arrest for possession of two kilograms of cocaine, he agreed to cooperate with law enforcement officials by providing information concerning the ultimate destination of the cocaine found in his possession. Ultimately, Howard's cooperation with law enforcement officials resulted in the arrest of six other individuals, and in the recovery of approximately two hundred and fifty thousand dollars in cash and property, along with several weapons. Howard challenges the district court's application of the United States Sentencing Guidelines on three grounds. First, Howard maintains that the district court erred in increasing his base offense level by three levels, under section 3B1.1 of the Guidelines, because he played an aggravating role in the offense. Second, Howard asserts that the district court erroneously increased his offense level by two levels for obstruction of justice, under section 3C1.1 of the Guidelines, for making allegedly false statements to a probation officer. And finally, Howard contends that the district court improperly denied him a two level decrease, under section 3E1.1 of the Guidelines, for acceptance of responsibility. Because we must defer to the factual findings of the district court in its application of the Sentencing Guidelines, we AFFIRM the decision of the district court to increase Howard's offense level by three levels for his aggravating role in the of-

fense. Because we find that the district court erred in its interpretation of the Guidelines with respect to Howard's alleged obstruction of justice, we REVERSE the two level increase under section 3C1.1 of the Guidelines. And because we conclude that the district court's refusal to award Howard a two level decrease for acceptance of responsibility was clearly erroneous, we REVERSE its application of section 3E1.1 of the Guidelines and REMAND for resentencing in accordance with this opinion.

*Factual and Procedural History*

Defendant-appellant Ed Howard pled guilty to a one-count indictment charging him with conspiracy to possess two kilograms of cocaine with the intent to distribute, under 21 U.S.C. § 841(a)(1). Howard and a co-defendant[1] were stopped by officers of the Georgia State Patrol on March 23, 1989, while traveling north on I–75 in Houston County, Georgia. The officers obtained consent from Howard to search the vehicle and subsequently recovered two kilograms of cocaine hidden in the trunk area. Howard and the co-defendant were arrested and taken first to the Houston County Jail where they were questioned by state and county police officers. Howard agreed to cooperate by providing information concerning the ultimate destination of the cocaine found in his possession. He informed Georgia State Patrol Officers that the cocaine was to be delivered to Eric Hall, in Decatur, Georgia, that evening.

Later on the same day, Howard was taken to the Atlanta office of the Drug Enforcement Administration, where he was further questioned by DEA agents. In response to the agents' questions, Howard revealed that he had made several trips to Atlanta in the past to deliver cocaine to Eric Hall. Howard was then instructed to contact Hall to arrange for delivery of the cocaine found in Howard's possession. Under the supervision of DEA agents, Howard met with Hall at a pre-arranged location for delivery of the cocaine and Hall was placed under arrest. Subsequent to his arrest, Hall then provided information to DEA agents which resulted in the arrest

and indictment of five other individuals on drug related charges. Ultimately, Howard's cooperation with law enforcement officials resulted in the arrest of Hall and five others, as well as the recovery of several weapons and two hundred and fifty thousand dollars in cash and property from Hall's residence.

When Hall was questioned by DEA agents, he indicated that he had purchased cocaine from Howard on several occasions. Hall stated that on each occasion, Howard provided him with cocaine without requiring immediate payment upon delivery. Howard then accompanied Hall to the location where Hall sold the cocaine to a third party, and upon completion of the sale, Hall then turned the money over to Howard in payment for the cocaine.

Howard was interviewed by a probation officer on September 28, 1989, for the preparation of a presentence report. There is some disagreement between the probation officer and Howard concerning the questions asked and the answers given during the course of that interview. The probation officer stated that Howard was asked whether the instant offense was his only transportation of cocaine from Florida to Georgia. Howard allegedly responded that other than one other occasion three years earlier when he was arrested for possession of cocaine, this was the only instance of his transporting cocaine. This statement, according to the probation officer, was in direct contradiction to the statement Howard gave to DEA agents immediately following his arrest, where he admitted that he had made several trips to Atlanta in the past to deliver cocaine to Eric Hall.

Howard, on the other hand, claims that he was only asked to provide information about the instant offense and about prior convictions. He was not specifically asked whether he delivered drugs to Eric Hall on previous occasions, or whether he had possessed or delivered drugs on occasions in which he was not arrested. Because he provided information to the best of his recollection in response to the questions asked, Howard maintains that he did not provide the probation officer with a materi-

---

1. The co-defendant is not a party to this appeal.

al falsehood during the presentence interview.

The probation officer's presentence report made three recommendations which the sentencing court adopted and which are at issue here. First, the report recommended a three-level increase in Howard's base offense level because he played an aggravating role in the offense as a manager or supervisor, and the criminal activity involved five or more participants. Second, the report suggested a two-level increase in Howard's offense level for obstruction of justice because he provided the probation officer with a material falsehood during a presentence interview. And finally, the report stated that Howard should not receive a two-level reduction in his offense level for acceptance of responsibility, based upon his failure to acknowledge, during the presentence interview, the extent of his prior drug involvement with Eric Hall.

*Application of Sentencing Guidelines*

A court of appeals may review a sentence imposed by a district court under the United States Sentencing Guidelines to determine, *inter alia*, whether it was "imposed in violation of law," or "as a result of an incorrect application of the sentencing guidelines." *See* 18 U.S.C. § 3742(e)(1), (2) (1988). When reviewing a sentence imposed under the Sentencing Guidelines, the court of appeals must "give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e)(4) (1988); *see United States v. Marin*, 916 F.2d 1536, 1537–38 (11th Cir.1990) (per curiam).

*Section 3B1.1—Aggravating Role*

██ Appellant Howard first contends that the district court erred in increasing his offense level by three levels, under section 3B1.1 of the United States Sentencing Guidelines,[2] for his managerial role in the offense. Howard maintains that the fact that he "fronted" cocaine to Eric Hall, who in turn sold the drug and turned the

money over to Howard in payment for the cocaine, is not indicative of control or supervision by Howard over Hall's drug transactions. The district court determined, to the contrary, that Howard served as the capitalist in his dealings with Eric Hall, insofar as he extended credit to Hall in the form of cocaine, and that this extension of credit afforded Howard significant control over Hall.

██ This circuit has interpreted the Sentencing Guidelines to " 'contemplate that the government has the burden of proving the applicability of sections which would enhance the offense level.' " *United States v. Markovic*, 911 F.2d 613, 616 (11th Cir.1990) (quoting *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir.1989)). Notwithstanding this burden of proof, the district court's determination of a defendant's role in a crime is a finding of fact to which the clearly erroneous test applies. *United States v. Castillo–Valencia*, 917 F.2d 494, 501–02 (11th Cir.1990); *United States v. Forbes*, 888 F.2d 752, 754 (11th Cir.1989). Thus, we cannot overturn the factual conclusions of the district court unless they are clearly erroneous.

The district court's finding that Howard exercised a managerial role in the offense of which he was convicted was based upon the fact that Howard fronted cocaine to Eric Hall. The court noted that but for the credit that Howard was willing to extend to Hall, Hall would have been unable to purchase cocaine from Howard and to sell that cocaine to others. As a source of credit, therefore, Howard maintained at least constructive control over Hall. Because we believe that this factual conclusion was not clearly erroneous, we AFFIRM the district court's three-level increase in the offense level of Howard for his managerial role in the offense, under section 3B1.1 of the United States Sentencing Guidelines.

*Section 3C1.1—Willfully Obstructing or Impeding Proceedings*

██ Howard next contends that the district court erred in increasing his offense

---

**2.** Section 3B1.1, entitled "Aggravating Role," provided in pertinent part:
    (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
  U.S.S.G. § 3B1.1(b) (1989).

level by 2 levels for obstruction of justice, under section 3C1.1 of the Sentencing Guidelines.[3] The district court found that Howard had obstructed justice because he failed to reveal prior drug transactions with Eric Hall during his presentence interview. Howard maintains that he did not deny his drug involvement with Eric Hall or otherwise lie in response to questions posed by the probation officer in the presentence interview. Because he had previously informed DEA agents of his prior drug transactions with Hall, Howard argues that it would not be reasonable to conclude that he intentionally withheld this information from the probation officer in an attempt to obstruct justice. For the following reasons, we agree.

The commentary to section 3C1.1 of the Sentencing Guidelines which was in effect when Howard was sentenced on December 15, 1989, provided a non-exhaustive list of the types of conduct that would constitute obstruction of justice under that section. This commentary instructed the sentencing judge to apply a two-level enhancement for obstruction of justice if the defendant furnished "material falsehoods to a probation officer in the course of a presentence or other investigation for the court." U.S. S.G. § 3C1.1, comment. (n. 1(e)) (1989).

■ Effective November 1, 1990, however, this commentary was amended by the Sentencing Commission to include a non-exhaustive list of the types of conduct that do not warrant a two-level enhancement under 3C1.1. It is now established in this circuit that the "sentencing court should consider clarifying amendments when interpreting the guidelines, even when sentencing defendants convicted before the effective date of the amendments." *United States v. Marin*, 916 F.2d at 1538 (citing *United States v. Scroggins*, 880 F.2d 1204, 1215 (11th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990)).[4] While the district court did not have the benefit of the amended commentary to section 3C1.1 when sentencing Appellant Howard, that commentary is available to us here. Unless the effect of the amended commentary would be to subject the defendant to a greater punishment,[5] therefore, we must consider it in reviewing the application of section 3C1.1.

Under the amended commentary to section 3C1.1, a two-level enhancement is not warranted where the defendant provides "incomplete or misleading information, not amounting to a material falsehood, in respect to a presentence investigation." U.S. S.G. § 3C1.1, comment. (n. 4(c)) (1990). We do not believe that Howard's failure to reveal his prior drug transactions with Eric Hall to the probation officer, when information regarding such transactions had already been provided by him to DEA agents, constitutes a material falsehood under section 3C1.1. The commentary to section 3C1.1 further states that " 'Material' evidence, fact, statement, or information, as used in this section, means evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, comment. (n. 5) (1990). Because

---

**3.** Section 3C1.1, entitled "Willfully Obstructing or Impeding Proceedings," provided:

> If the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1 (1989).

**4.** The court in *Scroggins* noted that:

> Since originally promulgated in October 1987, the commentary to the guidelines has been amended several times. Such amendments no doubt will continue to be made at frequent intervals as the Sentencing Commission responds to ambiguities and interpretive

problems discovered by the federal courts in applying the guidelines to the facts of particular cases. In most cases, we note that these amendments do not effect a substantive change, but rather are intended only to clarify the rule adopted by a particular guideline. Such amendments thus constitute strongly persuasive evidence of how the Sentencing Commission originally envisioned that the courts would apply the affected guideline.

*Scroggins*, 880 F.2d at 1215.

**5.** An amended guideline will not be applied if its effect would be to subject a defendant to an increased sentence. *See Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987).

Howard informed DEA agents immediately following his arrest that he had made several trips to Atlanta in the past to deliver cocaine to Eric Hall, his failure to repeat this information to the probation officer does not amount to a material falsehood as this is defined in the commentary. Therefore, we REVERSE the application of a 2-level increase in the offense level of Howard for obstruction of justice, under section 3C1.1 of the Sentencing Guidelines.

*Section 3E1.1—Acceptance of Responsibility*

■ Howard finally contends that the district court erred in refusing to award him a two-level decrease in his offense level for acceptance of responsibility, under section 3E1.1 of the Sentencing Guidelines.[6] The district court found that Howard had not accepted responsibility for his offense based upon the fact that he failed to provide complete information to the probation officer in his presentence interview. This failure to accept responsibility was found despite Howard's voluntary cooperation with law enforcement officials in securing the arrest of Eric Hall. In essence, then, Howard's initial acceptance of responsibility was rendered ineffectual by his alleged misrepresentations during the presentence interview. Because we do not find that Howard obstructed justice, and because we believe that Howard's cooperation with law enforcement officials warrants recognition at sentencing, we cannot agree with the district court that Howard failed to accept responsibility for his offense.

■ We recognize that "[t]he district court is in a unique position to evaluate whether a defendant has accepted responsibility for his acts, and this determination is entitled to great deference on review." *United States v. Pritchett,* 908 F.2d 816, 824 (11th Cir.1990); U.S.S.G. § 3E1.1, comment. (n. 5). Further, the Guidelines have been interpreted to contemplate that the defendant bears the burden of establishing the applicability of Guideline sections which would reduce the offense level. *United*

States v. Wilson, 884 F.2d at 1356. Nevertheless, in light of Howard's substantial assistance to law enforcement officials, we must conclude that the district court was clearly erroneous in its finding that Howard did not accept responsibility under section 3E1.1.

There is no dispute regarding the extent of Howard's assistance in the arrest of Eric Hall, or regarding the fact that Hall's arrest led officials to information concerning other individuals involved in drug-related offenses. Ultimately, Howard's cooperation with DEA agents was instrumental in the arrests of six other individuals and in the recovery of thousands of dollars worth of cash and property, along with several weapons. The commentary to section 3E1.1 instructs the sentencing court to consider, in determining whether a defendant has accepted responsibility, "voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense." U.S.S.G. § 3E1.1, comment. (n. 1(e)) (1989). Howard's assistance provides a classic example of the kind of conduct the sentencing court should credit as indicative of an acceptance of responsibility. The district court here should have given Howard's assistance more weight in determining whether he deserved a two level reduction under section 3E1.1.

■ Finally, we note that Howard pled guilty to the offense charged in the indictment. While "a defendant may plead guilty to the offense charged without demonstrating ... an acceptance of responsibility," *United States v. Rodriguez,* 905 F.2d 372, 374 (11th Cir.1990), a guilty plea may nevertheless provide some evidence of the defendant's acceptance of responsibility. U.S.S.G. § 3E1.1, comment. (n. 3) (1989). Here, the fact that Howard pled guilty, when considered in conjunction with his substantial assistance to law enforcement officials, supports a reduction in his offense level for acceptance of responsibility. Therefore, we REVERSE the refusal of the district court to reduce Howard's offense

---

6. Section 3E1.1, entitled "Acceptance of Responsibility," provided in pertinent part:

    If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.

    U.S.S.G. § 3E1.1(a) (1989).

level by two levels under section 3E1.1 of the Sentencing Guidelines.

### Conclusion

For the foregoing reasons, we AFFIRM the decision of the district court to increase Ed Howard's offense level by three levels for his aggravating role in the offense. In addition, we REVERSE the decision to increase Howard's offense level by two levels for obstruction of justice. Finally, we REVERSE the refusal to award Howard a two level decrease for acceptance of responsibility, and REMAND for resentencing in accordance with this opinion.