[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10598
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 9, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00100-CR-T-30-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN D. COBBS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

**(November 9, 2005)**

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Kevin D. Cobbs appeals his sentence to 70 months of imprisonment, which

resulted from a guilty plea for wire fraud, credit card fraud, and fraud in

connection with identification documents and information, in violation of 18 U.S.C. §§ 1343, 1029(a)(2), and 1028(a)(7).  On appeal, Cobbs argues that the district court committed clear error in denying him a 2-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).  We AFFIRM.

## I. BACKGROUND

In January 2005, Cobbs pled guilty to stealing $60,000 in violation of federal law.  Following Cobbs's guilty plea, the probation officer properly calculated the offense level and recommended a 3-level reduction for acceptance of responsibility.  A 1-level reduction for prompt pleading is not at issue in this appeal.  Regarding the other 2 levels, the court, at the sentencing hearing, asked the government whether it had found and recovered the money based on information provided by Cobbs.  After the government reported its unsuccessful attempts, the court said,

> So far not one person that you've named has corroborated what you've said that you gave them. . . . Mr. Cobbs, I just don't believe it, and I don't think you've cooperated with the government in revealing what happened to the fruits of this crime, and I'm not going to grant acceptance of responsibility.

R6 at 14.

Cobbs enumerates three points of error. First, Cobbs argues that the district court misinterpreted U.S.S.G. § 3E1.1(a), Application Note 1(e), to require that fruits of the offense be recovered to receive a reduction for acceptance of responsibility. Second, Cobbs argues that he was entitled to a reduction for acceptance of responsibility because he pled guilty, cooperated with law enforcement officials in the search for the fruits of the crime, and apologized to the court. Finally, Cobbs argues that he was entitled to an adjustment because the probation officer so recommended and the government did not appear to object.

## II. DISCUSSION

We review a district court's factual findings concerning a reduction for acceptance of responsibility for clear error. United States v. Williams, 408 F.3d 745, 756 (11th Cir. 2005) (per curiam). Under clear error review, the defendant bears the burden of showing entitlement to a reduction and the sentencing court is entitled to great deference. Id. "Because demonstration of whether or not the defendant has personally accepted responsibility for his criminal conduct requires a consideration of both objective factors and subjective considerations of the defendant's demeanor and sincerity, the district court's determination will not be

3

overturned unless it is without foundation." <u>United States v. Castillo-Valencia</u>, 917 F.2d 494, 500 (11th Cir. 1990).

Under U.S.S.G. § 3E1.1(a), if a defendant clearly demonstrates acceptance of responsibility for his offense, a district court should decrease his offense level by 2 levels. One factor a court may consider in determining whether the defendant has accepted responsibility is the defendant's decision to voluntarily assist authorities in recovering the fruits and instrumentalities of the offense. <u>See</u> U.S.S.G. § 3E1.1, Application Note 1(e); <u>see also</u> <u>United States v. Bennett</u>, 928 F.2d 1548, 1557 (11th Cir. 1991). However, mere cooperation is not enough. <u>United States v. Cruz</u>, 946 F.2d 122, 126 (11th Cir. 1991). The inquiry into accepting responsibility is about the defendant's demeanor and sincerity regarding his wrongful actions. <u>Id.</u>

On the other hand, we have overturned the denial of a reduction for acceptance of responsibility where following arrest, the defendant pled guilty and provided law enforcement with information that successfully lead to the fruits and instrumentalities of the crime. <u>See</u> <u>United States v. Howard</u>, 923 F.2d 1500, 1505 (11th Cir. 1991). We said that these facts represented "a classic example of the kind of conduct the sentencing court should credit as indicative of an acceptance of responsibility." <u>Id.</u>

4

Turning to Cobbs's three enumerations of error, we discern no error by the district court. First, Cobbs contends that the court required successful return of the money in order to obtain the reduction. This contention is plainly refuted by the record, which shows that the court did not believe Cobbs's statements regarding the location of the money. Thus, the court was not concerned that the money was not actually recovered but rather with Cobbs's demeanor and sincerity. Because there is no evidence that Cobbs was truthful and because demeanor and sincerity are factual findings best made by the sentencing court, its ruling was not clearly erroneous.

Second, Cobbs claims that he is entitled to the reduction as a matter of law. Section 3E1.1, Application Note 3, provides that:

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable . . . will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter or right.

In Williams, we affirmed that a defendant who enters a guilty plea is not entitled to a reduction for acceptance of responsibility as a matter of right. 408 F.3d at

756. In that case, the sentencing court denied the reduction on grounds that the defendant testified falsely. Id. at 757.

In this case, after hearing testimony from the inspector that all attempts to confirm leads as to the whereabouts of the stolen money had failed, the sentencing court remarked, "Mr. Cobbs is not being truthful and has not accepted responsibility." R6 at 13. The district court was within its discretion to deny the reduction after finding Cobbs testified falsely. See Williams, 408 F.3d at 757.

Further, Cobbs has failed to meet the standard we set in Howard for overturning a court's denial of a reduction for acceptance of responsibility. Unlike the facts of this case, the fruits of the crime were recovered. See Howard, 923 F.2d at 1505. This does not mean that the fruits must be recovered to award the reduction, but it does mean that we will not disturb the district court's objective and subjective findings that resulted in the a denial of the reduction when the factors that led to reversal in Howard are not present. As previously discussed, Cobbs has failed to prove facts that show the district court's decision to be clear error.

Cobbs's final assertion of clear error is that he should have been granted the reduction because the probation officer recommended the reduction and the government did not appear to object. In United States v. Sawyer, we refused to

reverse a district court in similar circumstances. 180 F.3d 1319, 1323 (11th Cir. 1999). The report made by the probation officer is only a sentencing recommendation. Id. The burden to receive a reduction for acceptance of responsibility lies with the defendant. Williams, 408 F.3d at 756. In this case, the district court was within its discretion to disregard the probation officer's report. Thus, Cobbs's argument, that he is entitled to a reduction simply because the probation officer recommended one, fails.

## III. CONCLUSION

Sentencing courts are entitled to great deference, and the findings relevant to granting a reduction for acceptance of responsibility will not be overturned unless they are without foundation. We conclude that Cobbs failed to meet his burden of showing entitlement to a reduction and that the decision to deny Cobbs a reduction for acceptance of responsibility was not clearly erroneous. Consequently, we **AFFIRM**.