[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14873
Non-Argument Calendar
_____

D. C. Docket No. 06-00088-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAAC L. MARION,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 6, 2008)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Isaac L. Marion, Jr. appeals his 132-month sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A)(ii)(II). Marion asserts the district court erred by applying a three-level, aggravating-role enhancement pursuant to U.S.S.G. § 3B1.1(b). Marion contends he did not have a managerial or supervisory role over a participant in the conspiracy, and there were not five participants in the criminal activity during the time frame in which he was alleged to have that role.

We review the district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Yeager*, 331 F.3d 1216, 1226 (11th Cir. 2003). A district court's determination of a defendant's role in a crime is a finding of fact reviewed only for clear error. *United States v. Yates*, 990 F.2d 1179, 1182 (11th Cir. 1993). The government has "the burden of proving by a preponderance of the evidence that the defendant had an aggravating role in the offense." *Yeager*, 331 F.3d at 1226.

The Sentencing Guidelines provide for an enhanced offense level for a defendant who had an aggravating role in the offense. U.S.S.G. § 3B1.1. A three-level enhancement may be applied if "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b).

2

In determining the defendant's role in an offense, the district court may consider the following factors:

> [T]he exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1 comment. (n.4). Evidence of extensive buyer-seller and fronting[1] relationships, and negotiation of deliveries incidental to the buyer-seller relationship, without more, is insufficient to support a role enhancement as a manager or supervisor. *See United States v. Mesa*, 247 F.3d 1165, 1169 (11th Cir. 2001). However, we have affirmed a managerial role enhancement where a defendant fronted cocaine to a purchaser, accompanied that purchaser to a location where the purchaser sold the cocaine to a third party, and then received payment from the purchaser. *United States v. Howard*, 923 F.2d 1500, 1502-03 (11th Cir. 1991). We also have held that, in drug distribution cases, "the management enhancement is appropriate for a defendant who arranges drug transactions, negotiates sales with others, and hires others to work for the conspiracy." *United States v. Matthews*, 168 F.3d 1234, 1249 (11th Cir. 1999).

---

[1] "Fronting" is when a dealer gives a person drugs on credit and is reimbursed once that person sells the drugs to others. *United States v. Mesa*, 247 F.3d 1165, 1169 n.4 (11th Cir. 2001).

In determining the number of participants in a criminal activity, the district court counts all individuals, including the defendant, who were criminally responsible for the commission of the offense even though they might not have been convicted. *United States v. Holland*, 22 F.3d 1040, 1045 (11th Cir. 1994).

The district court did not clearly err in determining Marion was a manager or supervisor for the purpose of a role enhancement. In assessing Marion's role, the district court considered appropriate factors, such as the degree of Marion's participation in planning or organizing the cocaine sales and the degree of his control and authority over Leon Gray. U.S.S.G. § 3B1.1 comment. (n.4). The evidence presented at the sentencing hearing established there was more than a buyer-seller or fronting relationship between Marion and Gray. *See Howard*, 923 F.2d at 1502-03; *Mesa*, 247 F.3d at 1169. The record shows Marion facilitated drug transactions and then instructed Gray on where and to whom to deliver cocaine. Marion provided Gray with a cellular telephone, which both Marion and customers called to set up drug transactions. Marion set the price of cocaine, and then allowed Gray to keep the amount above the set price. Gray sold drugs for Marion at least five times and initially only to Marion's customers. Both Gray and Terrence Dubose testified Marion drove with Gray to deliver cocaine and waited in the car while Gray completed the transaction. This evidence supports the district

4

court's finding Marion directed Gray and exercised more control over Gray than a simple buyer-seller relationship would merit.

In support of his argument the district court erred in applying a role enhancement, Marion points to aspects of Gray's testimony suggesting he was merely a distributor and did not exercise sufficient managerial or supervisory control. For example, Gray testified he approached Marion about selling drugs, and he did not have to accept a drug transaction if he did not want to. However, recruitment or hiring of other participants is not a requisite for a role enhancement. *See Howard*, 923 F.2d at 1502-03. Moreover, the government is not required to prove the defendant controlled a participant's every movement; rather, evidence the defendant directed or supervised a participant in the criminal activity is sufficient to warrant a role enhancement. *See Matthews*, 168 F.3d at 1249. Accordingly, the district court did not clearly err in determining the Government established, by a preponderance of the evidence, that Marion was a manager or supervisor within the meaning of U.S.S.G. § 3B1.1(b).

The district court also did not clearly err in determining that five participants were involved during the charged conspiracy. Evidence supports the court's findings that Marion's supervision of Gray occurred during the charged conspiracy, and the cocaine transactions between Marion and Gray were in

furtherance of that conspiracy. Marion was charged with being a part of the conspiracy from at least December 2000 to December 2005. He was indicted with three co-conspirators, Steven Williams, Isaac Marion Sr., and Philip Henry. According to the Government's written factual proffer in support of Marion's guilty plea, Stephenson Marion and Perry Marion were also participants in the conspiracy, although they were not indicted with Marion. Based on the charges alone, there were at least five participants who were criminally responsible for the charged conspiracy, not including Marion himself. *See Holland*, 22 F.3d at 1045. In addition, testimony at the sentencing hearing indicated that Dino Rodriguez and Gray were also participants in the conspiracy. This evidence supports the district court's finding the criminal activity involved at least five participants.

Marion argues that, because there were not five participants involved in the criminal activity during the time frame in which he supervised or managed Gray, the role enhancement is not appropriate. As he correctly points out, the Government conceded at the sentencing hearing there were only three co-conspirators involved during the time frame in which Marion managed Gray. However, nothing in the U.S.S.G. § 3B1.1 provision requires all five participants to be involved in the criminal activity at the time the defendant managed or

supervised other participants. *See* U.S.S.G. § 3B1.1. Therefore, his argument is without merit.

Marion's argument the amount of cocaine handled by Gray may have been trivial compared to the total amount of cocaine distributed in the conspiracy is not relevant to his role enhancement. *See generally* U.S.S.G. § 3B1.1. Section 3B1.1 permits a court to consider the entire charged offense, including all relevant conduct by the defendant and all persons involved in the charged offense. The record supports a finding the drug distribution organization in which Marion was involved was extensive in scope and nature. Marion conceded at the sentencing hearing he was responsible for the distribution of 50 to 150 kilograms of cocaine. Gray testified he had sold cocaine to at least four individuals, and one of those individuals, Dubose, testified that he converted that cocaine into crack for further distribution.

The district court did not clearly err in applying the § 3B1.1(b) role enhancement because the evidence supports its findings that Marion had a managerial or supervisory role over a participant in the conspiracy and the conspiracy involved five or more participants or was otherwise extensive. Accordingly, we affirm Marion's sentence.

**AFFIRMED.**