[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2011
JOHN LEY
CLERK

No. 10-11538
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-00457-CAP-GGB-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDGAR CAMACHO TORRES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 6, 2011)

Before TJOFLAT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Edgar Camacho Torres appeals the 235-month sentence he received for

conspiring to possess with intent to distribute at least 5 kilograms of cocaine

hydrochloride and 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(ii) and (viii). On appeal, Camacho Torres argues that the district court clearly erred in enhancing his sentence based on his managerial role in the offense, pursuant to U.S.S.G. § 3B1.1(b). After thorough review, we affirm.

"A defendant's role as an organizer or leader is a factual finding that we review for clear error to determine if the enhancement under § 3B1.1 was applied appropriately." United States v. Ramirez, 426 F.3d 1344, 1355 (11th Cir. 2005).

Under § 3B1.1 of the Guidelines, a defendant receives a four-level enhancement for participation as an "organizer or leader" of a criminal activity "that involved five or more participants or was otherwise extensive," and a three-level enhancement for participation as a "manager or supervisor" of such a criminal activity. U.S.S.G. § 3B1.1(a) and (b). While the instant case concerns the applicability of a managerial or supervisory role enhancement, the commentary to § 3B1.1 sets forth the factors to be considered by a district court "[i]n distinguishing a leadership and organizational role from one of mere management or supervision," as follows:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope

of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, comment. (n.4). The government must prove the existence of a leadership role by a preponderance of the evidence. United States v. Yates, 990 F.2d 1179, 1182 (11th Cir. 1993). The guideline commentary further provides that the defendant will qualify for the enhancement if he was "the organizer, leader, manager, or supervisor of one or more other participants." U.S.S.G. § 3B1.1, comment. (n.2). We have determined that a defendant's subordinate role to another conspirator does not absolve him of his supervisory role in coordinating and managing the delivery and transportation of a drug shipment. United States v. Jones, 933 F.2d 1541, 1542, 1546-47 (11th Cir. 1991) (upholding a § 3B1.1(b) enhancement where the evidence showed that the defendant helped other participants "plan the operational aspects of the [drug] smuggling effort," and made various unilateral decisions regarding landing and loading locations and the timing of the smuggling trips).

Moreover, we have upheld a § 3B1.1(b) enhancement where the evidence at trial showed that the defendant fronted cocaine on credit and retained the resulting profits. United States v. Matthews, 168 F.3d 1234, 1250 (11th Cir. 1999); see also United States v. Howard, 923 F.2d 1500, 1503 (11th Cir. 1991) (upholding a § 3B1.1(b) enhancement because the evidence showed that the defendant fronted

cocaine to another individual and, in doing so, retained at least constructive control over that individual). But see United States v. Alred, 144 F.3d 1405, 1421-22 & n.18 (11th Cir. 1998) (distinguishing Howard as involving direct control by the convicted defendant and holding that the district court clearly erred in applying a § 3B1.1(a) role enhancement based on evidence of a buyer-seller and an attenuated fronting relationship); Yates, 990 F.2d at 1181-82 (holding that the defendant was not subject to a role enhancement under § 3B1.1(a) because the evidence showed only that he engaged in a seller-buyer relationship with the other participants). Also, the adjustment may be applied to both members of a two-participant conspiracy "when each participant takes primary responsibility for a distinct component of the plan and exercises control or influence over the other participant with respect to that distinct component of the plan." United States v. Yeager, 331 F.3d 1216, 1227 (11th Cir. 2003).

In United States v. Martinez, the district court imposed a leadership-role enhancement, pursuant to U.S.S.G. § 3B1.1(a), on a defendant who admitted during his plea colloquy that he orchestrated weekly shipments of mail parcels containing marijuana, utilized other individuals to mail or receive the packages, and participated in a wire transfer of the drug proceeds. 584 F.3d 1022, 1024-25 (11th Cir. 2009). On appeal, we held that the district court clearly erred in imposing the § 3B1.1(a)

enhancement because the defendant's admissions were insufficient to establish any of the factors identified in note 4 of the commentary to § 3B1.1. Id. at 1026-28. With respect to the defendant's admissions, we held that the term "orchestrate" meant "no more than to organize or coordinate a particular transaction," and thus, the person who orchestrated the weekly shipments could have been "a subordinate charged with dealing with the relatively minor details of completing that transaction." Id. at 1028. We further held that the defendant's use of others only revealed that he acted in concert with others to ship the parcels, transfer money, and conceal the conspiracy. Id.

Here, the district court did not clearly err in applying the § 3B1.1(b) enhancement to Camacho Torres's sentence. Although Camacho Torres objected to the factual allegations concerning his involvement in the March 2007 marijuana transaction, he did not dispute that he was a mid-level distributor who received drugs from a Mexican source and, in turn, supplied drugs to numerous lower-level distributors. We recognize that standing alone, Camacho Torres's role as a mid-level distributor is insufficient to warrant the § 3B1.1(b) enhancement. See Yates, 990 F.2d at 1181-82 (holding that a buyer-seller relationship was insufficient to support a § 3B1.1(a) enhancement); Martinez, 584 F.3d at 1026-28 (holding that the district court clearly erred in applying a § 3B1.1(a) enhancement because the defendant

5

disputed the factual allegations in the PSI and his admission at his plea colloquy to "orchestrat[ing]" drug shipments was insufficient, without more, to support the enhancement).

However, Camacho Torres's admissions during his plea colloquy and the transcripts of intercepted conversations submitted at the sentencing hearing demonstrate that Camacho Torres directed the activities of an individual known as "Chapparro," in furtherance of the March 2007 marijuana transaction. See Jones, 933 F.3d at 1546-47. Specifically, Camacho Torres fronted cocaine to Chapparro. When the cocaine was stolen, he and Chapparro devised a plan to cover the loss by selling marijuana. In furtherance of that plan, Camacho Torres arranged for the delivery of the marijuana, told Chapparro where to pick up a sample of the marijuana, asked Chapparro to assess its quality, and told Chapparro where to drop it off. After Chapparro determined that the marijuana was of good quality, Camacho Torres arranged for the delivery of 229 pounds of marijuana.

Moreover, even if the intercepted conversations were reflective of a cooperative effort to satisfy the debt due an individual identified as "Orejon," the district court still did not clearly err in applying the § 3B1.1(b) enhancement because Camacho Torres directed Chapparro to undertake certain tasks designed to further the crime. Yeager, 331 F.3d at 1227. Based on the directives Camacho Torres gave

6

Chapparro to further the crime, their relationship went beyond that of buyer and seller. Compare Alred, 144 F.3d at 1421-22 & n.18; Yates, 990 F.2d at 1181-82. It is also significant that Camacho Torres fronted cocaine to Chapparro and later expected to receive profits from the sale of the marijuana to compensate for his personal losses on the stolen cocaine. Matthews, 168 F.3d at 1250 (upholding the enhancement where the defendant fronted cocaine to another individual and expected to receive proceeds from the sale of that cocaine). Thus, because Camacho Torres fronted cocaine to Chapparro, directed his activities in furtherance of obtaining the marijuana, and expected to receive the profits associated with the sale of the marijuana, the district court did not clearly err in applying the § 3B1.1(b) enhancement. Accordingly, we affirm.

**AFFIRMED.**