[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14719
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cr-80211-DTKH-6

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROLAND JEAN,
a.k.a. Lobo,
a.k.a. Bolo,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 18, 2016)

Before HULL, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

Roland Jean appeals his 70-month sentence, imposed at the bottom of the Sentencing Guidelines range after he pled guilty to one count of conspiracy with intent to distribute five kilograms of cocaine, in violation of 21 U.S.C. § 846. On appeal, Jean argues that his sentence is substantively unreasonable and that the district court should have applied a downward variance from the guidelines range to reflect the relatively minor role he played in a large-scale international drug trafficking operation.[1] Upon review of the record and the parties' briefs, we affirm.

We review sentencing decisions for an abuse of discretion. *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010). This standard of review reflects the due deference we give to district courts because they have an "institutional advantage in making sentencing determinations." *Id.* at 735 (internal quotation marks omitted).

---

[1] Notably, Jean does not contend that the district should have applied a minor role reduction to his offense level when calculating his guidelines range. Jean conceded at his sentencing hearing that the district court properly calculated his guidelines range. Instead, he argued before the district court, and continues to argue on appeal that his relatively minor role in the trafficking conspiracy supported the application of a downward variance from the guidelines range. According to Jean, the district court imposed a substantively unreasonable sentence when it declined to vary from the guidelines range. We therefore confine our inquiry here to the substantive reasonableness of Jean's sentence.

2

Pursuant to 18 U.S.C. § 3553(a), the district court must impose a sentence sufficient but not greater than necessary to comply with the purposes set forth in § 3553(a)(2), including imposing a sentence that reflects the seriousness of the offense, promotes respect for the law, deters criminal conduct, and protects the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)-(7).

Reviewing the reasonableness of a sentence is a two-step process.  "We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances."  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The party challenging the sentence bears the burden of showing it is unreasonable in light of the record and the relevant factors.  *Id.*  As Jean does not challenge the procedural reasonableness of his sentence, we proceed directly to the issue of its substantive reasonableness.

A district court abuses its discretion and imposes a substantively unreasonable sentence if it "(1) fails to afford consideration to relevant [§ 3553(a)]

3

factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (internal quotation marks omitted). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court . . . ." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (internal quotation marks omitted). "[I]t is only the rare sentence that will be substantively unreasonable." *Rosales-Bruno*, 789 F.3d at 1256 (internal quotation marks omitted). Where, as here, a sentence is within the guidelines range, we ordinarily expect it to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). That a sentence is below the statutory maximum is also a factor favoring its reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Jean argues that his sentence is substantively unreasonable because it is unnecessarily harsh in light of the minor role he played in a trafficking operation that imported cocaine from Haiti, through the Bahamas, and into the United States. Although the exact role Jean played in the conspiracy is somewhat unclear, it is beyond dispute that he acted in the role of a middleman facilitating drug shipments into the United States from his home in the Bahamas. At a minimum, he stored approximately 19 kilograms of cocaine in his home so that it could be picked up

4

and transported to the United States.  Once the cocaine arrived in the United States, however, it was intercepted by law enforcement.  Jean investigated what happened to the drugs and made attempts to retrieve them that ultimately proved unsuccessful.  He then tried to replace the cocaine that had gone missing by storing an additional five kilograms of cocaine in his home that was then transported to the United States.  Based on these circumstances, Jean's presentence investigation report attributed 24 kilograms of cocaine to his conduct and calculated a guidelines range of 70 to 87 months' imprisonment.  The district court ultimately imposed a sentence of 70 months' imprisonment, which was at the bottom of that range.

The district court did not abuse its discretion by imposing a substantively unreasonable sentence.  At the outset, Jean's sentence is within the guidelines range, which is a factor that counsels in favor of its reasonableness, as is the fact that his sentence is below the statutory maximum.  *See Hunt*, 526 F.3d at 746; *see also Gonzalez*, 550 F.3d at 1324.  Even were that not the case, we doubt that Jean's role in the trafficking conspiracy warranted applying a variance from the guidelines range.  Although Jean may have played a relatively small role in a larger conspiracy, at sentencing the district court only appears to have considered conduct and drug quantities directly attributable to Jean.  And in the context of evaluating the propriety of applying minor role adjustments to guidelines range calculations, we have noted that "where the relevant conduct attributed to a defendant is

5

identical to her actual conduct, she cannot prove that she is entitled to" a more lenient sentence "simply by pointing to some broader criminal scheme in which she was a minor participant but for which she was not held accountable." *United States v. Rodriguez De Varon*, 175 F.3d 930, 941 (11th Cir. 1999).

We see no reason why this reasoning would fail to apply to a district court's refusal to apply a variance from the guidelines range.[2]  Jean's participation in a larger trafficking operation does not automatically entitle him to a sentence below the guidelines range, particularly where, as here, the district court sentenced him based on conduct directly attributable to him.  He materially and personally participated in facilitating the importation of 24 kilograms of cocaine into the United States by storing it in his home.  And when some of those drugs went

---

[2] Jean points to recent amendments to the commentary of the Sentencing Guidelines concerning minor role designations to support his argument that the district court should have varied from the guidelines range when sentencing him.  Although these amendments came into effect after his sentencing, we nonetheless consider them on appeal unless they would subject Jean to a greater punishment.  *United States v. Howard*, 923 F.2d 1500, 1504 (11th Cir. 1991).

The amendments Jean directs us to consider make minor modifications to the commentary in U.S.S.G. § 3B1.2.  *See* United States Sentencing Commission, *Guidelines Manual,* Supp. to App. C (Nov. 2015).  They also include new language that instructs courts considering whether to apply a minor role adjustment to weigh a list of nonexhaustive factors that include: "(i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; [and] (v) the degree to which the defendant stood to benefit from the criminal activity." *Id.* Problematically, however, Jean never explains how or why this commentary, which only appears to clarify existing law, renders the district court's sentencing determination unreasonable, and we see no reason why it would alter our analysis or conclusion here.

missing, he played an active part in trying to recover them.  In light of this conduct,

his sentence is not substantively unreasonable.  We affirm.

**AFFIRMED.**